IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 14-315-06 |
| WARREN MOORE | |

**MEMORANDUM OPINION**

Defendant Warren J. Moore moves for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), in consideration of the dangers posed by COVID-19 and his family circumstances. For the reasons that follow, Moore's motion will be denied.

## I. BACKGROUND

Moore is currently serving a 75-month sentence for bank fraud and identity theft. Moore was involved in a conspiracy that involved manufacturing fake driver's licenses bearing stolen identities, and using them to apply for fraudulent bank loans, cash counterfeit checks, and steal vehicles from rental car companies. He pled guilty on July 29, 2015 to bank fraud, aggravated identity theft, and two counts of access device fraud. After this Court imposed a sentence of 75 months' imprisonment on April 15, 2016, Moore was transferred to state custody to resolve various other open cases. Moore thereafter pled guilty to theft by deception in Mercer County, New Jersey, and theft by deception and credit card theft in Burlington County, New Jersey. Moore first served the sentences imposed by the New Jersey state courts, and he has been in federal custody since February 24, 2020.[1] He is currently serving his sentence at FCI Fort Dix.

---

[1] Moore argues that his state sentences ran concurrently with his federal sentence, and he has therefore served 63 months of his 75-month sentence. The Government contests this, arguing that BOP records show Moore began serving his sentence when he entered federal custody in February 2020 and has therefore served only nine months. As the Government suggests, Moore may seek administrative relief

1

Moore requested compassionate release from the warden of FCI Fort Dix on September 6, 2020, citing to his hypertension and the need to care for his teenage daughter. The warden denied the request on October 30, 2020, explaining that Moore's medical conditions are well-controlled with medication and Moore is able to self-care without assistance in the correctional environment. In a *pro se* motion dated October 22, 2020, Moore requested compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) due to his medical conditions and family circumstances. Moore argues that he is particularly susceptible to COVID-19 due to his hypertension, high cholesterol, anxiety, gastroesophageal reflux disease (GERD), and mild obesity (BMI of 31). Moore also claims that he is entitled to release to care for his sixteen-year-old daughter, who was recently sexually abused by her step-father. His daughter is currently living with her mother, and Moore believes she is unsafe there because her step-father has entered the home in violation of a restraining order against him. Additionally, Moore seeks to care for his elderly mother who lives alone and is unable to care for herself.

Moore was placed in quarantine on October 20, 2020 after being exposed to COVID-19. He tested positive for the virus on or about October 29, 2020, although he remained asymptomatic. He submitted a supplemental memorandum in support of his motion for release on November 3, 2020. Moore does not describe any specific symptoms that he has experienced as a result of COVID-19, but claims he is "gravely ill" and in danger of life-long medical complications or death due to his underlying medical conditions. Moore further outlines what he views as the incompetent handling of the outbreak at FCI Fort Dix.

According to Moore's medical records, he has remained asymptomatic since testing positive for COVID-19 at the end of October. He was evaluated after complaining of chest pain

---

through the BOP for the alleged miscalculation of his sentence and, if that fails, file a habeas petition in the district of his confinement pursuant to 18 U.S.C. § 2241.

on November 12, 2020. His EKG was normal, his X-ray found no acute cardiopulmonary disease, and his lungs were clear and heart size normal. The same day, a registered nurse informed Moore that because ten days had passed since his positive test, he was no longer in need of daily monitoring unless he developed symptoms. FCI Fort Dix continued to test Moore for COVID-19. Moore had no cough, shortness of breath, or fever on November 17, 2020, but his COVID-19 sample taken on November 18, 2020 still read positive for the virus.

The Government opposes Moore's motion, arguing that Moore's health is unremarkable and age appropriate, that he has recovered from his COVID-19 infection, and that the factors set forth in 18 U.S.C. § 3553(a) weigh against the release of a serial fraudster only nine months into a 75-month sentence.

## II. DISCUSSION

The First Step Act's amendments to Section 3582(c) "allow incarcerated defendants to seek compassionate release from a court on their own motion, not just through the Bureau of Prisons." *United States v. Thorpe*, 2019 WL 6119214, at *1 (C.D. Ill. Nov. 18, 2019); *see* 18 U.S.C. § 3582(c)(1)(A) ("[T]he court, . . . upon motion of the defendant . . . may reduce the term of imprisonment. . . ."). Specifically, provided the defendant has exhausted his administrative remedies, section 3582(c) permits a district court to reduce a defendant's sentence "after considering the factors set forth in section [18 U.S.C.] § 3553(a) [2] to the extent that they are

---

[2] Section 3553(a) directs a sentencing court to consider:

    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
    (2) the need for the sentence imposed—
        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
        (B) to afford adequate deterrence to criminal conduct;
        (C) to protect the public from further crimes of the defendant; and

applicable, if it finds that . . . extraordinary and compelling circumstances warrant such a reduction . . . and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Here, Moore has exhausted his administrative remedies by unsuccessfully seeking compassionate relief from the warden of FCI Fort Dix, and his motion is therefore ripe for consideration.

According to U.S.S.G. § 1B1.13, which is the Sentencing Commission's policy statement on Section 3582(c)(1)(A), a defendant's medical condition may constitute a basis for release. Section 1B1.13 defines a condition as "extraordinary and compelling" if it "substantially diminishes [defendant's ability] to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." *See* U.S.S.G. § 1B1.13 n.1. It is the defendant's burden "to prove extraordinary and compelling reasons exist." *United States v. Adeyemi*, 2020 WL 3642478, at *16 (E.D. Pa. July 6, 2020).[3]

Moore has not shown that his current medical condition presents an "extraordinary and compelling" justification for his release. Moore suffers from hypertension, high cholesterol, GERD, and mild obesity (BMI 31). Out of these conditions, the Center for Disease Control (CDC) has identified obesity—defined as a BMI over 30—as an underlying medical condition

---

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

[3] Additionally, Moore argues for release in order to care for his teenage daughter and his elderly mother. Moore is not eligible for compassionate release based on either of these family circumstances. *See* U.S.S.G. § 1B1.13 n.1(C) (defining family circumstances as compelling in the case of the "death or incapacitation of the caregiver of the defendant's minor child," or "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."). Moore's mother is not a qualifying relative. According to Moore, the New Jersey Division of Youth and Family Services placed his daughter in the custody of her older sister, and Moore does not allege that this caregiver has died or become incapacitated. Moore further contends that his daughter returned to her mother's home to attend school, but is unsafe there because her stepfather (the perpetrator of her sexual abuse) has been to the house multiple times in violation of a restraining order against him. Yet, Moore does not allege that the child's mother is incapacitated nor that his daughter cannot safely return to the care of her sister, the apparent legal caregiver at this juncture.

that puts a person at an increased risk of severe illness in the event of a COVID-19 infection. *See* Center for Disease Control, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#obesity (last updated Nov. 2, 2020).  Additionally, the CDC warns that people with hypertension *might* be at an increased risk of severe illness if infected with COVID-19.  *Id.* Notably, a person's medical condition is not automatically extraordinary and compelling because it appears on the CDC's list of underlying medical conditions that increase the risk for a severe COVID-19 outcome.  Rather, the CDC guidance on the risks of COVID-19 must be viewed in light of the medical history and circumstances of the individual moving for compassionate release.  *See United States v. Whiteman*, 2020 WL 4284619, at *1 (E.D. Pa. July 27, 2020) (explaining that, while the CDC reports that obesity and high blood pressure increase the risks related to COVID-19, this 42-year-old inmate's "body mass index and latest blood-pressure scores indicate that his obesity and hypertension are on the mild side" and therefore "fall short of presenting an extraordinary and compelling reason for his release.").

While the CDC provides helpful guidance on the potential risks of COVID-19 to those with certain underlying medical concerns, here there is no need to speculate about how COVID-19 might affect Moore.  He tested positive for the virus in late October 2020 and, according to his medical records, thankfully has not experienced a severe outcome.  Moore described no specific symptoms in his supplemental memorandum, beyond a general statement that he is "gravely ill."  However, his medical records belie this contention.  According to his records, Moore experienced no COVID-19 symptoms.  Despite his hypertension, an EKG and chest X-ray taken on November 12, 2020 show no heart disease, clear lungs, and normal heart size.  After he was asymptomatic for ten days, FCI Fort Dix discontinued his daily monitoring on November

12, 2020.[4]  Furthermore, the institution has continued treating Moore's underlying health conditions with various prescription medications, including during the recent COVID outbreak. His health is stable and medical conditions well-controlled, despite his COVID-19 diagnosis. There is no reason to believe, based on this record, that after over a month without symptoms Moore will develop severe complications.  In short, Moore has presented no evidence that his condition is not being appropriately managed at FCI Fort Dix,[5] nor that his condition "substantially diminishes" his ability to "provide self-care."  *See* U.S.S.G. § 1B1.13 n.1.

Where Moore has not faced any medical complications related to his COVID-19 infection or experienced an exacerbation of his underlying health issues, his medical condition does not qualify as "an extraordinary and compelling reason" that would support his compassionate release.  *See, e.g., United States v. Peuse*, 2020 WL 5076356, at *3 (N.D. Cal. Aug. 24, 2020) (collecting cases showing that courts have consistently denied "compassionate release to a defendant who has recovered or is expected to recover from COVID-19 with no symptoms."); *United States v. Orozco*, 2020 WL 4201846, at *1 (D.N.M. July 22, 2020) (denying release where defendant "does not allege that he is suffering from a severe illness due to COVID-19 or that he is unable to provide self-care and is not expected to recover" because "[a] positive test by itself does not . . . qualify as a medical condition that provides an extraordinary and compelling reason for a sentence reduction."); *USA v. Kelley*, 2020 WL 2747887, at *2 (N.D. Cal. May 27, 2020) (finding that a 40-year-old inmate's infection with

---

[4] Although Moore tested positive for the virus again on November 18, 2020, there is still no indication from Moore or from his most recent medical records provided on December 3, 2020 by order of this Court that he has experienced any COVID-19 symptoms, severe or otherwise.

[5] The COVID-19 outbreak at FCI Fort Dix is, of course, concerning.  However, the situation has dramatically improved since Moore's initial motion.  The Government noted that there were 238 positive inmates as of November 23, 2020.  According to the BOP, there are currently 16 positive inmates, 354 inmates have recovered, and no inmates or staff have died as a result of COVID-19. *See* Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/.

COVID-19 does not qualify as an "extraordinary and compelling" medical condition where he is expected to recover, or possible has recovered, from the virus). His motion will therefore be denied.[6]

An appropriate order follows.

**December 10, 2020**     **BY THE COURT:**

*/s/ Wendy Beetlestone*
_____
**WENDY BEETLESTONE, J.**

---

[6] Because Moore fails to demonstrate an extraordinary and compelling justification for his release, there is no need to consider the factors under § 3553(a). *See* 18 U.S.C. § 3582(c) (directing a court to consider the Section 3553(a) factors before reducing a term of imprisonment "*if* it finds that extraordinary and compelling reasons warrant such reduction" (emphasis added)).